# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Wesley Johnson, Jr., | ) |
| Plaintiff, | ) |
| | ) Case No. 15 CV 50294 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| Tracie Newton, et al., | ) |
| Defendants. | ) |

## ORDER

For the following reasons, the court strikes the motions to dismiss filed by defendants Tracie Newton, Leo P. Schmitz, and John Baldwin [78], and Richard Cornforth and the City of Aurora [82], without prejudice to re-file, if appropriate. Further, the court directs plaintiff to show cause by January 25, 2019, why he should be allowed to proceed with this suit based on the fact a similar suit was dismissed with prejudice by this court on September 26, 2013 (*see* case number 13 CV 50301 [4]). Any or all defendants may respond to plaintiff's show cause by February 11, 2019.

## STATEMENT

Plaintiff Wesley Johnson, Jr. has filed this action against several defendants alleging he was wrongfully and coercively classified as a sex offender in violation of 42 U.S.C. §§ 1983 and 1985(3). In plaintiff's third amended complaint, plaintiff alleges that following a conviction for home invasion and unlawful restraint in 2004, he was ordered upon his release from custody to register as a sex offender and as a violent offender against youth, contrary to state law. In 2010, plaintiff was convicted of failing to register his home address in violation of the registration statutes and was sentenced to 24 months incarceration. Plaintiff further alleges in 2013 the Winnebago County Circuit Court entered an order declaring plaintiff was not required to register under either statute. In 2013 and 2015, plaintiff received correspondence from the Illinois State Police advising him he was not required to register on the sex offender registry and his name had been removed. Shortly after plaintiff received the 2015 letter from the Illinois State Police, plaintiff received a letter from the Illinois Attorney General's Office stating he was required to register pursuant to both statutes.

All defendants filed motions to dismiss the complaint [78], [82], presenting arguments on the merits of plaintiff's claims. The court now has had the opportunity to thoroughly examine plaintiff's litigation history and notes that two years prior to the filing of the original complaint in this suit, plaintiff filed a similar complaint in this court. *See* case no. 13 CV 50301. In that case,

this court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with prejudice. *Id*. at [4]. There, this court found plaintiff failed to state a claim upon which relief could be granted because at the time plaintiff was convicted in 2004, individuals convicted of certain crimes that were not sexually motivated (including unlawful restraint) were required to register on Illinois' sex offender registry. *See id.* Finding any amendment to the complaint to be futile, this court dismissed plaintiff's complaint with prejudice. Final judgment was entered in that case on September 26, 2013, and no appeal was taken. *See id.* at [4], [5].

Plaintiff is ordered to show cause why this case should not be dismissed with prejudice, addressing the relevancy of the legal theories of *res judicata* or claim preclusion.

Plaintiff has until January 25, 2019, to show cause. Any or all defendants may respond to plaintiff's show cause by February 11, 2019. If plaintiff fails to show cause by January 25, 2019, this case will be summarily dismissed.

Date: 12/14/2018           ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)