# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Wesley Johnson, Jr., | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 15 CV 50294 |
| Tracie Newton, et al., | ) Judge Philip G. Reinhard |
|       Defendants. | ) |

## ORDER

The motion to dismiss filed by defendants Tracie Newton, Brendan Kelly,[1] and John Baldwin [78], is reinstated and granted with prejudice. Additionally, the court addresses the parties' responses to the court's rule to show cause [104], [111], as set forth below.[2] This case is terminated.

## STATEMENT- OPINION

Plaintiff Wesley Johnson, Jr. has filed this action against several defendants alleging he was wrongfully and coercively classified as a sex offender in violation of 42 U.S.C. §§ 1983 and 1985(3). In plaintiff's third amended complaint, plaintiff alleges that following a conviction for home invasion and unlawful restraint in 2004, he was ordered upon his release from custody to register as a sex offender and as a violent offender against youth, contrary to state law. In 2010, plaintiff was convicted of failing to register his home address in violation of the registration statutes and was sentenced to 24 months' incarceration. Plaintiff further alleges in 2013 the Winnebago County Circuit Court entered an order declaring plaintiff was not required to register under either statute. In 2013 and 2015, plaintiff received correspondence from the Illinois State Police advising him he was not required to register with the sex offender registry and his name had been removed. Shortly after plaintiff received the 2015 letter from the Illinois State Police, plaintiff received a letter from the Illinois Attorney General's Office stating he was required to register pursuant to both statutes.

Defendants Tracie Newton, Brendan Kelly, acting director of the Illinois State Police, and John R. Baldwin, director of the Illinois Department of Corrections, filed a motion to dismiss the complaint [78]. The motion is fully briefed. Following the filing of the motion, the court

---

[1] The parties report Brendan Kelly is currently the acting director of the Illinois State Police. Pursuant to FED. R. CIV. P. 25(d), Kelly is substituted as a party defendant in this matter.

[2] Appearing that the City of Aurora defendants have settled their claims with plaintiff (*see* [119]), the court dismisses their motion to dismiss without prejudice [82]. Because Count II of plaintiff's complaint is directed only at the Aurora defendants, the court will not address that count. Further, the Aurora defendant's response to rule to show cause [109] is moot.

ordered plaintiff to show cause why this case should not be dismissed with prejudice based on the court's dismissal with prejudice of plaintiff's previously filed complaint (in case number 13 CV 50301) pursuant to 28 U.S.C. § 1915(e)(2)(B). There, this court found plaintiff failed to state a claim upon which relief could be granted because at the time plaintiff was convicted in 2004, individuals convicted of certain crimes that were not sexually motivated (including unlawful restraint of a minor) were required to register on Illinois' sex offender registry. *See id.* Finding any amendment to the complaint to be futile, this court dismissed plaintiff's 2013 complaint with prejudice. Final judgment was entered in that case on September 26, 2013, and no appeal was taken. *See id.* at [4], [5]. The parties filed responses to the rule to show cause [104], [111]. All matters are now ripe for the court's review.

### A. Standard of Review

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a claim for relief, a complaint must provide more than "abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Instead, a plausible claim must include "'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Charleston v. Board of Trustees of the University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013).

### B. Background

The following facts are taken from plaintiff's third amended complaint [73].

Plaintiff was convicted of home invasion and unlawful restraint in September 2004 in the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County. The unlawful restraint charge did not name a minor victim. Upon his release from custody, plaintiff was required to register as a sex offender under the Illinois statute as well as a violent offender against youth. Plaintiff filed this registration on March 12, 2010. On March 17, 2010, plaintiff received notice from the Aurora Police Department informing him he was in violation of the Illinois sex offender registration statute because he resided too close to a daycare facility. The letter stated plaintiff had to move within thirty days and report his new address to the police within three days of acquiring the new address. Plaintiff moved in compliance with the letter but failed to report his new address with the police within three days.

2

On April 26, 2010, plaintiff was charged in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, with the offense of sex offender failure to register change of address. The basis for the charge was that plaintiff was a registered sex offender based on his Winnebago County conviction for unlawful restraint. The Kane County criminal complaint stated plaintiff's unlawful restraint conviction was committed against a victim under the age of 18. Plaintiff states in his complaint there was no basis to classify him as a sex offender or a violent offender against youth, he was not required to register under these statutes, and therefore he was not required to notify the Aurora Police Department of any change of address. Despite these false accusations, plaintiff was taken into custody on April 14, 2010. He was not able to post bail and therefore was held in custody. On October 6, 2010, plaintiff (in continued detention) pleaded guilty to the charge of failure to register change of address. Plaintiff was sentenced to two years' incarceration in the Illinois Department of Corrections. On June 13, 2011, while serving his sentence at the Lawrence Correctional Center, plaintiff was physically assaulted by another inmate.

Following his release from IDOC, plaintiff was required again to register under the statutes. Plaintiff completed this registration on September 28, 2012. On October 18, 2012, the Illinois State Police sent plaintiff a letter informing him he was required to register in person every 90 days with the law enforcement jurisdiction where he resides.

On August 22, 2013, plaintiff filed a motion in the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County (under his original criminal case of home invasion and unlawful restraint), seeking relief on the grounds he was not convicted as a sex offender and, therefore, should not be required to register under the statutes. On September 12, 2013, the circuit court granted his relief stating the "named victim" in plaintiff's underlying conviction was an adult, there was "no finding of sexual motivation" for the offenses, and the charges were not a basis for requiring plaintiff to register on the sex offender registry. On October 17, 2013, defendant Newton sent plaintiff a letter informing him that "[a]s of today's date" he was "not required to register" as a sex offender in Illinois, and that he had been "removed from the registry." Despite this letter, defendant Newton did not take adequate action to remove plaintiff from the registry on that day. On July 2, 2015, defendant Newton sent plaintiff another letter again advising him he was not required to register as a sex offender in Illinois. Again, defendant Newton did not take adequate action to remove him from the registry.

On July 6, 2015, the Illinois Attorney General's office sent a letter to plaintiff falsely stating he was required to register as a sex offender (based on his unlawful restraint conviction), and falsely informing him he was required to register as a violent offender against youth.

In his complaint, plaintiff alleges he remains in peril of being directed to register and remains in fear of being subject to criminal prosecution. He further alleges he has suffered serious and ongoing injury as a result of defendants' actions, including loss of liberty.

In their motion to dismiss, defendants argue they are shielded from liability by the Eleventh Amendment, plaintiff cannot maintain a claim for injunctive or declaratory relief, his claims are barred by the statute of limitations, plaintiff has failed to allege defendant Newton was personally

3

involved in the alleged constitutional deprivation, and plaintiff Newton is entitled to qualified immunity. The court finds plaintiff's claims are barred by the applicable statute of limitations, and, therefore, declines to address the other arguments.

**C.     Analysis**

    **1.     Statute of limitations – defendants' motion to dismiss**

Defendants argue plaintiff's complaint is barred under the applicable statute of limitations. In claims brought under Section 1983, courts look to the law of the state in which the personal injury occurred to determine the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019). "Under Illinois law, a plaintiff must bring a personal injury action within two years after its accrual." *Id*. However, the question of when the cause of action accrues "is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. Federal common law holds a personal injury claim under Section 1983 "accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Serino v. Hensley,* 735 F.3d 588, 591 (7th Cir. 2013) (citation omitted).

In April of 2010, plaintiff was charged with violating the sex offender registration statute and the violent offender against youth statute. He was subsequently convicted and sentenced to two years' incarceration. Upon his release in September of 2012, plaintiff was required to register pursuant to the statutes. On August 22, 2013, plaintiff filed a motion in the state circuit court arguing he was not convicted as a sex offender and, therefore, should not have been required to register under the statutes. This relief was granted on September 12, 2013. Plaintiff brought this suit on November 23, 2015.

It is evident plaintiff "kn[ew] or ha[d] reason to know" of his injury in August of 2013 when he filed a motion in state court arguing he was not required to register. Even giving plaintiff full benefit of the statute and counting the time from when he was granted relief by the circuit court (a month after he filed his motion), plaintiff still failed to file his suit within the applicable two-year statute of limitations. Plaintiff's claims can be saved, however, if the court finds (as argued by plaintiff in his response brief) his allegations are a "continuing violation" of his due process rights.

"[Courts] ha[ve] applied the continuing violation doctrine when the plaintiff could not reasonably be expected to perceive the alleged violation before the limitations period has run, or when the violation only becomes apparent in light of later events. The continuing violation doctrine is also applicable when the state actor has a policy or practice that brings with it a fresh violation each day." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (citations and quotations omitted). Plaintiff argues his wrongful classification as a sex offender and violent offender against youth subjected him to "numerous and self-renewing obligations, each of which constituted a fresh violation of his rights." Plaintiff contends his obligation to update his registration, pay registration and renewal fees, and notify law enforcement of his change of

4

address, constituted "coercive and stigmatizing requirements." Plaintiff cites to *Heard v. Sheahan*, in support of his position. In *Heard*, the plaintiff alleged his rights under Section 1983 were violated when prison officials inflicted cruel and unusual punishment against him by denying him medical care for his hernia. The district court held his suit was barred by the two-year limitations period. *Heard v. Sheahan*, 253 F.3d 316, 317 (7th Cir. 2001). The Seventh Circuit reversed, holding that the officials' refusal to treat Heard's condition continued (as a series of wrongful acts) for as long as the defendants had the power to do something about it, which is to say until the time Heard left the jail. *Id*. at 318.

In response, defendants argue plaintiff's constitutional claims against the defendants are unlike the injuries suffered by Heard. Defendants cite to numerous circuit court decisions around the country which have held that the wrongful classification of an individual as a sex offender does not constitute continuing violations, but rather a one-time violation with (potentially) "continuing effects." *Meggison v. Bailey*, 575 Fed. App'x. 865, 867 (11th Cir. 2014). *See also Printup v. Director, Ohio Dept. of Job and Family Services*, 654 Fed. App'x. 781 (6th Cir. 2016) (continuing violation doctrine did not apply to teacher's Section 1983 action for improper designation as a child abuser because while there were continual ill effects of the designation, they were not occasioned by continual unlawful acts); *Cibula v. Fox*, 570 Fed. App'x. 129 (3rd Cir. 2014) (prisoner brought Section 1983 claims against state prison for classifying him as a sex offender; court found continuing violation doctrine did not apply because plaintiff suffered from ill effects of original violation, not continual unlawful acts). Defendants also cite to one recent Seventh Circuit case (as with the parties, the court finds little Seventh Circuit guidance on this issue). In *Easterling v. Thurmer*, 880 F.3d 319 (7th Cir. 2018), an inmate convicted of sexually assaulting a minor female sued prison officials in 2017 alleging they violated his constitutional rights by denying him a visit with his minor daughter in 2004. Prison officials claimed Easterling was not allowed this visit unless he completed sex offender treatment (which he had not done). *Id*. at 321. Defendants argued, in part, Easterling's claims were barred by the applicable two-year statute of limitations. *Id*. at 323. With a reference to *Heard*, the court noted Easterling argued his claim was saved by the continuing violation doctrine because his injury began with the continuous denial of visits with his daughter, dating back to 2004. *Id*. The Seventh Circuit disagreed and held that the 2004 denial was complete once the visitation was denied, and Easterling could have sought redress then. *Id*. Here, defendants draw an analogy to *Easterling* by noting that any ongoing registration requirements are the consequence of the first time plaintiff registered as a sex offender and violent offender against youth (in 2010). The court agrees and finds that any ongoing registration requirements are best considered "continuing effects" and not continuing violations. The continuing violation doctrine does not save plaintiff's claims and the court finds they are barred by the two-year statute of limitations.

### 2. Preclusive effect of court's 2013 order – rule to show cause

On September 13, 2013, plaintiff filed a complaint against, among many others, branches of the Illinois Department of Corrections and the Illinois State Police, arguing he was unlawfully placed on the sex offender registry in violation of his constitutional rights. The underlying facts of that case are the same as the facts in this case. On September 26, 2013, the court entered an

5

order in case number 13 CV 50301 dismissing plaintiff's claims. In the order, the court dismissed plaintiff's complaint with prejudice[3] ruling that defendant's classification as a sex offender was appropriate under Illinois law at the time of his conviction and, therefore, his Section 1983 claims failed as a matter of law.

The court applies the rule of claim preclusion regarding its 2013 order. Claim preclusion has three elements: "(1) identity or privity of the parties; (2) identity of the claims; and (3) a final judgment on the merits in the previous suit." *Nayak v. Farley*, 763 Fed. Appx. 570 (7th Cir. 2019) (citations omitted). "[C]laim preclusion is not concerned with the labels that litigants use for their claims; [the court] look[s] to the events on which the claims are based. Moreover, the doctrine bars not only claims actually decided in the prior suit, but also all other claims that could have been brought." *Id*.

Plaintiff argues in his response to show cause that the claims alleged in his complaint are not barred by the court's 2013 order because the claims here are distinct and involve different issues and subsequent factual occurrences. The court disagrees. The facts which form the basis for plaintiff's claims here are identical to the facts presented to the court in 2013 – plaintiff's improper classification as a sex offender based on his 2004 conviction for unlawful restraint and subsequent requirement to register. Additionally, plaintiff's 2013 complaint came after his conviction and sentence in Kane County for failure to register. These facts mirror the facts contained in plaintiff's present complaint. ("[The court] look[s] to the events on which the claims are based." *Nyak*, 763 Fed. Appx. at 570). Next, the court does not find that the events that occurred between the 2013 order and the filing of this complaint (defendant Newton's letters to plaintiff advising him he did not have to register and the letter from the Illinois Attorney General's office advising him he did have to register) raise new constitutional violations against plaintiff. To accept this would be to accept plaintiff's "continuing violation" theory which the court declines to do, as noted above. Additionally, plaintiff complains in his 2013 complaint, as well as in his third amended complaint here, that he was not required to register because he was not convicted of unlawful restraint of a minor.

Finally, "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong…An erroneous conclusion reached by the court in the first suit does not deprive the defendants in the second action of their right to rely upon the plea of *res judicata*…A judgment merely voidable because based upon erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citations and quotations omitted). *See also Mann*

---

[3] The court's dismissal was pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) – failure to state a claim. Deciding whether these dismissals should be treated as full-fledged dismissals on the merits, the Seventh Circuit has said "we see no reason to treat dismissals under § 1915(e)(2)(B)(ii) differently from their Rule 12(b)(6) counterparts. [An] action under section 1915 is just as much an adjudication of the legal sufficiency of the complaint as a comparable decision under Rule 12(b)(6) would be." *Coleman v. Labor and Industry Review Commission of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017) (citations omitted). The court, therefore, disregards plaintiff's argument that the court's 2013 order would only have limited preclusive effect, based on the ruling in *Okoro v. Bohman*, 164 F.3d 1059 (7th Cir. 1999) (district court dismissal of complaint as frivolous not result of a judgment on the merits under Section 1915).

*v. Brown*, 18 Fed. Appx. 399, 401 (7th Cir. 2001) ("This suit could have been dismissed on preclusion grounds; a disappointed litigant must appeal rather than file another suit, even if developments after entry of the first judgment show that the decision was incorrect."). Even if plaintiff could overcome the argument his complaint here is barred by the statute of limitations (which he cannot), his failure to appeal the court's September 2013 decision addressing the same claims and facts is fatal to this action.

### D. Conclusion

For the foregoing reasons, the motion to dismiss filed by defendants Tracie Newton, Brendan Kelly, and John R. Baldwin [78] is granted with prejudice. This case is closed.

Date: 06/03/2019          ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)